FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 03 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HENRY ABRAHAM,

                  Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT;
N.Y.P.D. OFFICER HUGH HERBERT;
N.Y.P.D. OFFICER JAMES LUKESON; KINGS
COUNTY COURT JUDGE MARK DWYER;
KINGS COUNTY DISTRICT ATTORNEY'S
OFFICE; and NEW YORK CITY DEPT. OF
CORRECTIONS,

                  Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-5208 (CBA) (JO)

**AMON, United States District Judge:**

Plaintiff Henry Abraham, currently incarcerated at Bare Hill Correctional Facility in Malone, New York, brings this pro se complaint alleging false arrest, use of excessive force, wrongful deprivation of property, prosecutorial and judicial misconduct during his trial, and improper monitoring of his telephone calls while he was incarcerated at Rikers Island Correctional Facility ("Rikers Island"). (D.E. # 1 ("Compl.").) The case was transferred to this Court from the United States District Court for the Southern District of New York by Order dated September 8, 2015, because plaintiff's arrest and prosecution occurred in Kings County, which is within this District. (D.E. # 5.) Abraham's request for in forma pauperis status pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the claims against all defendants except the two defendant police officers, Hugh Herbert and James Lukeson, are dismissed with prejudice, as are the false arrest, wrongful deprivation of property, prosecutorial and judicial misconduct, and telephone monitoring claims. The excessive force claim against Officers Herbert and Lukeson may proceed.

1

## BACKGROUND

Abraham alleges that his constitutional rights were violated by various government employees beginning with his arrest on June 6, 2012, and continuing until he was transferred to state custody in May or June of 2014. (Compl. at 3.) He alleges that he was "illegally and wrongfully arrested by NYPD officers Hugh Herbert and James Lukeson" and that they "threatened to kill [him] and were physical towards [him] in every way." (Id.) Specifically, he alleges that he "was pushed to the ground from the back and the police officer jumped on [his] back and neck" causing various injuries for which he was treated after his arrest at Coney Island Hospital. (Id.) In addition, he claims that Officers Herbert and Lukeson took almost $3,000 from him at the time of arrest, but that NYPD later claimed he only had $161 in his possession. (Id. at 4.) He admits that he is currently incarcerated for the crime for which he was arrested. (Id. at 3.) As to his subsequent prosecution in Kings County, he alleges the judge and prosecutors acted "biasly" toward him "up to [his] sentencing." (Id.) Finally, Abraham alleges that during his incarceration at Rikers Island his phone calls were monitored by facility staff, impinging on his "privacy" and his "freedom of speech." (Id.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss sua sponte any such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 (2d Cir. 1999)

2

(Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), mandates sua sponte dismissal).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). To avoid dismissal for failure to state a claim, a plaintiff must allege sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a pro se complaint must contain sufficient factual allegations to meet this standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas, 480 F.3d at 639.

## DISCUSSION

### I. Immunity

The Court first addresses whether the complaint seeks "relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

#### A. New York City Department of Correction and the New York City Police Department

Abraham names the New York City Department of Correction ("DOC") and the New York City Police Department ("NYPD"), agencies of the City of New York, as defendants. City agencies, including the NYPD and DOC, do not have a legal identity separate and apart from the municipality and cannot sue or be sued. N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency . . . ."); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD is a non-suable agency of the City); Bailey v. N.Y.C. Police Dep't, 910 F.

Supp. 116, 117 (E.D.N.Y. 1996) (DOC is a non-suable agency of the City). Thus, Abraham's claims against DOC and NYPD are dismissed.

### B. State Court Judge

Abraham also names the Honorable Mark Dwyer of the Supreme Court of the State of New York, Kings County, as a defendant. This claim is barred by absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (holding that judges are immune from suit except for actions not taken in judicial capacity and actions taken in complete absence of all jurisdiction); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error." Mireles, 502 U.S. at 11, 13 (internal quotation marks and citations omitted). As Judge Dwyer's alleged wrongdoing was an act performed in his judicial capacity—presiding over Abraham's criminal case—Abraham's claim against Judge Dwyer is foreclosed by absolute judicial immunity and is therefore dismissed.

### C. Kings County District Attorney's Office

Abraham also names the Kings County District Attorney's Office as a defendant and makes specific allegations against two individuals from this office, Janet Gleeson and Matthew Bennett. To the extent Abraham attempts to bring § 1983 claims against the district attorney or other individual prosecutors in their official capacities for their role in prosecuting him after his June 6, 2012, arrest, they are entitled to Eleventh Amendment immunity. Ying Jing Gan v. City of New York, 996 F.2d 522, 535–36 (2d Cir. 1993) (stating that a district attorney in New York State is entitled to Eleventh Amendment immunity when involved in prosecuting a criminal matter). Further, to the extent Abraham attempts to sue the prosecutors in their individual capacities, they are immune from suit for damages. Id. at 530. It is well established that "'a state prosecuting

attorney who acted within the scope of [her] duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages'" under § 1983. Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks and citation omitted). Absolute immunity extends to "virtually all acts . . . associated with [the prosecutor's] function as an advocate," including "initiating a prosecution and presenting the case at trial" or at other court proceedings. Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation marks and citations omitted). Abraham's allegations regarding the Kings County District Attorney's Office, Janet Gleeson, and Matthew Bennett involve conduct within the scope of their prosecutorial functions. Abraham's claims against these defendants are therefore dismissed.

## II. Merits

The Court next addresses whether the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Abraham alleges a number of "civil rights violations," (Compl. at 2), which the Court interprets as claims brought pursuant to 42 U.S.C. § 1983. Section 1983 "allows an action at law against a 'person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" Patterson v. Cty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (quoting 42 U.S.C. § 1983). "Section 1983 is not itself a source of substantive rights . . . [i]t merely provides a method for vindicating federal rights elsewhere conferred." Id. (internal quotation marks and citations omitted). "To avoid sua sponte dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges or immunities secured

by the Constitution or laws of the United States.'" Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015). The Court considers whether each of Abraham's allegations meet this standard in turn.

### A. False Arrest

First, Abraham alleges that Officers Herbert and Lukeson "illegally and wrongfully arrested" him. (Compl. at 3.) The Court construes this allegation as a claim for false arrest. The Second Circuit has held, however, that "criminal defendants, once convicted, will not be heard to challenge whether their arrest was supported by probable cause to believe they had committed the crime of conviction." Southerland v. City of New York, 681 F.3d 122, 130 (2d Cir. 2012) (citing Cameron v. Fogarty, 806 F.2d 380, 388–89 (2d Cir. 1986)). Here, Abraham admits that he is currently incarcerated as a result of the arrest at issue, indicating that he was in fact convicted of this crime. (Compl. at 3.) His false arrest claim is therefore dismissed.

### B. Excessive Force

Second, Abraham alleges that Officers Herbert and Lukeson "threatened to kill [him]" and "were physical towards [him]." (Id.) The Court liberally construes these allegations as claims that the officers used excessive force in violation of the Fourth Amendment. Claims against police officers for using "excessive force" are analyzed under the Fourth Amendment's reasonableness standard. Graham v. Connor, 490 U.S. 386, 395 (1989). Determining whether the force used was unreasonable, and therefore excessive, requires "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Brown v. City of New York, 798 F.3d 94, 100 (2d Cir. 2015) (quoting Graham, 490 U.S. at 396). This balancing requires close examination of the totality of the circumstances in each particular case, including whether the suspect poses a threat to the safety of others, resists or attempts to evade arrest, and the severity of the crime at issue. Id. (citing Graham, 490 U.S. at

396). Although Abraham provides few details regarding the circumstances of his arrest, his allegations that the officers "jumped on [his] back and neck" and that as a result of these actions he was "taken to the hospital in [an] ambulance" are sufficient to survive this stage of review. (Compl. at 3.) The excessive force claim against Officers Herbert and Lukeson may therefore proceed.

### C. Deprivation of Property

Third, Abraham alleges that money "was taken from [him]" at the time of his arrest and that although the NYPD "claimed [he] only had $161 [in his] possession," he, in fact, "had $3000 in cash." (Id. at 4.) The Court liberally construes this allegation as a due process claim arising from wrongful deprivation of property. It is not clear whether Abraham is suing Officers Herbert and Lukeson in their official or personal capacity. To the extent Abraham is suing the officers in their personal capacity, it is well established that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984)); see also Butler v. Castro, 896 F.2d 698, 700 (2d Cir. 1990). Such a postdeprivation remedy is available to the plaintiff "in the form of state law causes of action for negligence, replevin, or conversion." Cantave v. N.Y.C. Police Officers, No. 09-CV-2226 (CBA) (LB), 2011 WL 1239895, at *7 (E.D.N.Y. Mar. 28, 2011) (dismissing deprivation of property claims) (internal quotation marks and citation omitted).

Moreover, to the extent Abraham attempts to impose liability against the municipality by suing the officers in their official capacity, see McMillian v. Monroe Cty., 520 U.S. 781, 785 n.2 (1997) ("[A] suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent." (internal quotation marks and citations omitted)), he

has failed to state a claim. To state a § 1983 claim against a municipal entity, a plaintiff must allege that he was deprived of rights guaranteed by the Constitution or federal law as the result of a municipal "policy or custom." Miller v. Cty. of Nassau, 467 F. Supp. 2d 308, 313 (E.D.N.Y. 2006) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694–95 (1978)). Abraham fails to allege any facts suggesting the existence of a policy, custom, or practice that would expose the municipality to liability. Accordingly, regardless of whether Abraham is suing Officers Herbert and Lukeson in their official or personal capacity, any § 1983 claims arising from the alleged deprivation of property are dismissed.

### D. Improper Conduct at Trial

Fourth, Abraham alleges that the judge and prosecutors "acted 'biasly' towards [him] during the court proceedings." (Compl. at 3.) He further alleges that this behavior constituted a "deprivation of character" and "judicial misconduct" and that the proceedings violated his right to a speedy trial. (Id. at 2.) Such claims, however, are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck v. Humphrey, the Supreme Court held that any § 1983 plaintiff seeking monetary damages for an allegedly unconstitutional conviction or sentence must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486–87; see also Peralta v. Vasquez, 467 F.3d 98, 102 (2d Cir. 2006). As noted above, Abraham admits that he was convicted and sentenced at the end of these proceedings and that he is currently incarcerated as a result of this conviction. Abraham has not put forth any allegations that demonstrate that his conviction or sentence has already been invalidated in one of the ways set forth in Heck. Abraham's allegations regarding the conduct of his trial are therefore dismissed.

### E. Monitoring Telephone Calls at Rikers Island

Finally, Abraham alleges that unnamed officials invaded his privacy and violated his freedom of speech by "monitoring [his] phone calls" while he was detained on Rikers Island. (Compl. at 3.) These allegations fail to state a § 1983 claim for two reasons. First, the only defendant Abraham named relevant to this claim, the DOC, is not a proper party to a § 1983 claim and has been dismissed from this lawsuit. Second, Abraham has not alleged a constitutional violation. The Second Circuit has held that "prison inmates have no reasonable expectation of privacy." United States v. Amen, 831 F.2d 373, 379 (2d Cir. 1987). "In the prison context, . . . monitor[ing] prisoners' telephone conversations, particularly where they are told that the conversations are being monitored," does not violate their constitutional rights. Id. at 380. The Second Circuit has similarly held that "interception of calls from inmates to noninmates does not violate the privacy rights of the noninmates." United States v. Willoughby, 860 F.2d 15, 22 (1988). Abraham's allegation that prison officials monitored his calls therefore fails to state a § 1983 claim. Abraham's claim arising out of DOC's monitoring of his phone calls is dismissed.

### III. Leave to Amend

The Court dismisses all of Abraham's claims except for the excessive force claim against Officers Herbert and Lukeson. In the case of his other claims, the Court need not afford Abraham an opportunity to amend his complaint because, for the reasons stated above, "the court can rule out any possibility . . . that an amended complaint [on those claims] would succeed in stating a claim." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

## CONCLUSION

For these reasons, Abraham's claims against the New York City Police Department, the New York City Department of Correction, the Honorable Mark Dwyer, and the Kings County District Attorney's Office as well as his false arrest, wrongful deprivation of property, prosecutorial and judicial misconduct, and telephone monitoring claims are dismissed. No summons shall issue as to these defendants and the Clerk of Court is directed to correct the docket to reflect their dismissal.

Abraham's excessive force claim against NYPD Officers Hugh Herbert and James Lukeson may proceed. The Clerk of the Court is directed to issue summonses against these defendants at the address provided in the complaint (60th Precinct, 2951 8th Street, Brooklyn, New York) and the United States Marshals Service is directed to serve the complaint and this Order on the defendants without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the complaint and this Order to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: June 3, 2016
Brooklyn, New York

/S/ Judge Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge